IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MICHELLE DOBBS HERMAN,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　Case No. 5:15cv115-MW/GRJ

**EARLY EDUCATION AND
CARE, INC.,**

    **Defendant.**
_____/

**ORDER DENYING MOTION TO DISMISS**

Pending before the Court are Defendant's Motion to Dismiss Amended Complaint, ECF No. 10, and Plaintiff's Memorandum in Opposition to Motion to Dismiss Amended Complaint, ECF No. 13. After considering the matter without hearing, the motion is **DENIED**. The motion is not well taken.

**STANRDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When deciding a motion to dismiss, courts must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *McCone v. Pitney Bowes, Inc.,* 582 F. App'x 798, 799 (11th Cir. 2014) (quoting *Spain v. Brown & Williamson Tobacco Corp.,* 363 F.3d 1183, 1187 (11th Cir.

2004)). To survive dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must also contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim is facially plausible when the court can draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCone,* 582 F. App'x at 799–800 (quoting *Iqbal,* 556 U.S. at 662) (internal quotation marks omitted).

## I.   BACKGROUND

Michelle Herman, a white female, was employed as a bus driver and support teacher by Early Education and Care, Inc. ECF No. 6 at 2. While employed, a black female employee, Danita Carroll, falsely accused Herman of using the "N" word. *Id.* Herman reported the false allegations to her then-supervisor William Johnson, a black male, but no action was taken. *Id.*

After Johnson retired, Carroll became Herman's new supervisor. *Id.* Carroll allegedly used her new position to discriminate and retaliate against Herman for her reports about Carroll's previous false accusations to Johnson. *Id.* In support of this contention, Herman cites to a variety of instances in which she was discriminated and retaliated against. She specifically alleges that Carroll reassigned Herman's route to another less experienced, black employee, Kimberly; failed to

2

discipline Kimberly after she was involved in an accident with students on the bus; permitted Kimberly to take her son to school on the bus while she was driving but denied Herman permission to do the same with her stepdaughter; allowed Kimberly and other black employees to take care of personal matters while on the clock but denied this privilege to Herman; and allowed Kimberly to arrive late to work but constantly scrutinized Herman about arriving on time and did not permit Herman to be late. *Id.* at 3.

Herman reported Carroll's "discrimination and retaliation" to Carroll's supervisors, Janice Flowers and Pam Fleege, maintaining that the actions were a result of discrimination and that the action was taken against her because her replacement, Kimberly, is black. *Id.* The supervisors informed Herman that if she continued to make trouble she would be fired. *Id.*

Herman was later terminated based on a "contrived allegation" on July 1, 2014, less than two months after she reported the discrimination. She was soon after replaced by a black male. *Id.* at 4.

## II.　DISCUSSION

This employment discrimination claim arises under Chapter 760, Florida Statutes §§ 760.01–760.11 ("FCRA"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C.

§ 1981a.[1]  Plaintiff Michelle Herman alleges race discrimination and retaliation against Defendant Early Education and Care, Inc. ECF No. 6. Early Education has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Herman has failed to state a viable claim upon which relief can be granted. ECF No. 10.

## A. Disparate Treatment Race Discrimination

Early Education first argues that Herman's Amended Complaint does not state a viable claim for disparate treatment race discrimination. ECF No. 10 at 6. Specifically, it argues that Herman's discrimination claim should be dismissed because "none of the actions cited . . . would rise to the level of an adverse employment action." *Id.*

In order to allege a *prima facie* case of race or gender discrimination,[2] Herman must allege that: (1) she belongs to a protected class; (2) she was subject

---

[1] When interpreting discrimination claims under Title VII, Section 1981, and the FCRA, courts will apply the same analytical framework. *See Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998) (courts comparing Title VII to Section 1981 discrimination claims); *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (comparing Title VII to FCRA).

[2] However, in the employment discrimination context, neither *Iqbal* nor *Twombly,* nor the Federal Rules of Civil Procedure, require a complaint to allege facts establishing each element of a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973), to survive dismissal. *See Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a complaint need not contain "specific facts establishing a prima facie case of discrimination under the framework set forth by ... McDonnell Douglas"); *see also McCone,* 582 F. App'x at 801 n. 4 (acknowledging that *"Twombly* effectively overruled *Swierkiewicz* when it rejected the old standard for dismissal" but that "this

to an adverse employment action; (3) her employer treated similarly situated employees more favorably; and (4) she was qualified to do the job. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004); *Samuels v. University of South Alabama*, 153 Fed. App'x. 612 (11th Cir. 2005). An adverse employment action is one that "alters the employee's compensation, terms, conditions, or privileges of employment deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006).

Here, the Amended Complaint contains sufficient facts to place Early Education on notice of the alleged discrimination. The Amended Complaint alleges that Herman was terminated from her position on July 1, 2014 as a result of racial discrimination. *See* EFC No. 6 at 5 ("The events set forth herein led, at least in part, to adverse action against Plaintiff including without limitation her termination."). Termination undisputedly satisfies the adverse employment event requirement,[3] and the Amended Complaint alleges sufficient evidence of discrimination to plausibly show that the termination was motivated by discriminatory animus. Early Education's argument that the "Amended Complaint

---

had no impact on Swierkiewicz's statement that a plaintiff is not required to plead a prima facie case of discrimination in order to survive dismissal").

[3] Because termination constitutes an adverse employment event, this Court need not decide at this time whether the other alleged hostilities against Herman, including the alleged differential application of workplace rules, rise to the level of an adverse employment event.

does not allege that Plaintiff's separation of employment was discriminatory," ECF No. 10 at 7, is belied by the text of the Amended Complaint. The Amended Complaint does plausibly link the alleged discriminatory events to Herman's termination; the discriminatory events are circumstantial evidence of the discriminatory animus which allegedly motivated the decision to terminate Herman.

Therefore, Herman's Amended Complaint contains sufficient facts to plausibly state a claim for racial discrimination and place Early Education on notice of the claims against it.

### B. Retaliation

Early Education next argues[4] that Herman's retaliation claim should be dismissed because "the Amended Complaint fails to allege facts indicating that [Herman] engaged in statutorily protected behavior." ECF No. 10 at 11.

In order to allege a *prima facie* retaliation claim under Title VII and FCRA, Herman must allege that: (1) she was engaged in a protected expression; (2) she suffered an adverse employment action; (3) there is a causal connection between the expression and the adverse action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (Title VII); *Harper v. Blockbuster Entertainment*

---

[4] Early Education also argues that the Amended Complaint failed to state a claim for hostile work environment discrimination; however, Herman conceded that it was never her intent to bring such a claim. ECF No. 13 at 6.

*Corp.*, 139 F.3d 1385, 1388 (FCRA and Title VII). For the complaint to establish that Herman engaged in statutorily protected behavior, it must allege facts showing that Herman "has opposed any practice made an unlawful employment practice by [the Civil Rights Act]." 42 U.S.C. § 2000e-(3)a.

Early Education argues at length that Herman did not engage in protected activity because the activity she originally reported—the false accusation of using a racial slur—falls outside the realm of the Civil Rights Act. This Court need not decide, however, whether reporting the false accusation constitutes protected activity[5] because the Amended Complaint does properly allege other protected activity.

Early Education seems to ignore that the Amended Complaint alleges that Herman specifically reported racial discrimination to her superiors. It alleges that Herman "reported Carroll's ongoing discrimination . . . to her supervisors," that she "said that actions against her by Carroll was 'discrimination' and that action was taken against her because her replacement, Kimberly, is black," and that "[p]rior to her termination, [she] reported discrimination the last time in May,

---

[5] Likewise, because Early Education has only argued that the retaliation claim fails due to lack of protected activity, this Court need not decide whether the alleged hostilities other than termination constitute an adverse employment action in the retaliation context. The standard for an adverse employment event in the retaliation context is "more liberal" than in the discrimination context; "in the context of a Title VII retaliation claim, a materially adverse action means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) (citations and quotations omitted).

2014." ECF No. 6 at 3-4. Herman's informal complaints of discrimination to her supervisors constitute protected activity, *see Rollins v. State of Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989), and the Amended Complaint properly alleges that Early Education retaliated against Herman for voicing those complaints.

Early Education also briefly argues that even if Herman had complained about race discrimination, her belief that race discrimination occurred is not objectively reasonable. ECF No. 10 at 13. This underdeveloped argument, however, also fails; based on the alleged facts regarding disparate treatment, it seems objectively reasonable for Herman to have believed that race discrimination occurred, or at least that the alleged conduct was "close enough to support an objectively reasonable belief that it" was unlawful discrimination. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999).

Herman has properly pleaded that she engaged in protected activity, and therefore has alleged facts sufficient to put Early Education on notice of the claims against it.

### III.  CONCLUSION

In sum, this Court holds that the complaint contains sufficient facts to state a claim upon which relief can be granted on both the race discrimination and the retaliation claims.

For the reasons stated,

**IT IS ORDERED:**

The motion, ECF No. 10, is **DENIED**.  In so ruling, this Court cautions the parties.  Discovery should have already commenced in earnest.  The filing of motions such as this is not good cause to extend discovery deadlines.

**SO ORDERED on July 14, 2015.**

<u>s/Mark E. Walker</u>
**United States District Judge**